NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 19 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GLORIA J. ULBRICHT, | No.    20-35716 |
| Plaintiff-Appellant, | D.C. No. 6:18-cv-01170-CL |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Mark D. Clarke, Magistrate Judge, Presiding

Submitted November 16, 2021**
Pasadena, California

Before:  WARDLAW, PARKER,*** and HURWITZ, Circuit Judges.

Gloria Ulbricht appeals the district court's order affirming the Social Security

Administration's denial of disability benefits.  We have jurisdiction pursuant to 28

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

U.S.C. § 1291 and affirm.

1. The Administrative Law Judge ("ALJ") gave "specific, clear and convincing" reasons supported by substantial evidence for discounting Ulbricht's testimony. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)), *superseded by regulation on other grounds*. First, the ALJ noted that Ulbricht's reported onset date and complaints of vision impairment and severe headaches were not supported by the objective medical evidence in the record. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Second, the ALJ detailed inconsistences between Ulbricht's testimony at the 2017 hearing, her prior testimony and documents in the record. *See Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). For example, Ulbricht's testimony during the 2017 hearing that her headaches rendered her bedridden was inconsistent with her 2016 testimony, which failed to mention this level of severity. Ulbricht's testimony during the 2017 hearing that medication only afforded her one hour of relief from her headaches was also inconsistent with the medical record. Third, the ALJ correctly noted that the conservative treatment offered by Ulbricht's doctors undermined her testimony about the severity of her impairments. *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007). Fourth, the record shows that Ulbricht participated in a variety of daily activities inconsistent with her complaints. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

2. The ALJ erred in several findings. For example, she provided no support for the assertion that Ulbricht's hepatitis was present at the same level of severity prior to the alleged onset date and mistakenly found that Ulbricht did not report headaches prior to 2015. There also appears to be no support in the record for the ALJ's statement that Ulbricht initially admitted to not working for non-medical reasons or for the ALJ's conclusion that Ulbricht's postponement in seeking some treatment suggested her symptoms were not serious. But, because the ALJ provided clear and convincing reasons supported by substantial evidence in the record for discounting Ulbricht's testimony about her symptoms and limitations, these errors were harmless. *See Molina*, 674 F.3d at 1115.

**AFFIRMED.**